BEFORE THE FIRST DIVISION, MAY 31, 1961

No. 65709.—Old Importers, Inc. *v.* United States, protest 59/10965 (New York).

WILSON, Judge: The merchandise involved in this case, which is limited to items X510 and X543, as described on the invoice, was classified by the collector under paragraph 1527(a) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, and assessed with duty at the rate of 55 per centum ad valorem, as jewelry, commonly or commercially known, finished or unfinished, of whatever material composed. In its original protest, the plaintiff claimed the importations properly classifiable under paragraph 1518 of the Tariff Act of 1930, as amended, as artificial flowers, stems, and leaves, at the rate of 35 per centum ad valorem, or, as an alternative claim, the plaintiff contended that the merchandise should be classified under paragraph 1503 of the Tariff Act of 1930, as amended, at the rate of 15½ per centum, or 20 per centum, ad valorem, under the provision therein for spangles and beads or articles, wholly or in chief value of beads or spangles. Later, the plaintiff filed an amended protest in which it was claimed that "said merchandise is dutiable at 22¢ per pound and 18% ad valorem under Paragraph 1539, Tariff Act of 1930, as amended." Upon the filing of this amended protest, the original claims were abandoned.

By stipulation of the parties, samples of the merchandise were submitted to the United States Customs Laboratory for analysis to determine the component material of chief value and the character of the material in the bells, as well as whether synthetic resin is the chief binding agent therein. The following report was received from the laboratory and introduced in evidence:

The samples are plastic bells coated with glass frosting and having glass clappers.

The plastic portion of the bells is composed of a synthetic resin (urea-formaldehyde type) containing cellulosic filler. In our opinion, the synthetic resin is the chief binding agent.

The parties to the action had previously agreed to be bound by the laboratory determination.

It was further stipulated between the parties that "the merchandise was not commonly or commercially known as jewelry or articles designed to be carried on the person" and that the articles composing plaintiff's exhibit 1, representative of the importations at bar "are wholly or in chief value of a product of which synthetic resin is the chief binding agent." (R. 8.)

In its memorandum, plaintiff takes the position that, in view of the stipulation that the imported articles are not "commonly or commercially known as jewelry," the merchandise was not properly classified under paragraph 1527 of the tariff act, as modified, and that, in view of the chemical analysis, the merchandise

is properly classifiable under the provisions of paragraph 1539(b) of the tariff act, as modified, at the rate of 22 cents per pound and 18 per centum ad valorem. The parties have, therefore, in effect, stipulated that the involved merchandise is not properly classifiable under paragraph 1527(a) of the Tariff Act of 1930, as amended, as originally classified, but is properly dutiable under paragraph 1539(b) of the Tariff Act of 1930, as modified by the Sixth Protocol to the General Agreement on Tariffs and Trade, T.D. 54108, at the rate of 22 cents per pound and 18 per centum ad valorem. Accordingly, we hold the items here involved properly dutiable under paragraph 1539(b) of the Tariff Act of 1930, as amended by the Sixth Protocol to the General Agreement on Tariffs and Trade, T.D. 54108, at the rate of 22 cents per pound and 18 per centum ad valorem, under the provision therein for manufactures wholly or in chief value of any product "of which any synthetic resin or resin-like substance is the chief binding agent."

The protest is, therefore, sustained as to all the merchandise described on the invoice as X510 and X543. In all other respects and as to all other merchandise, the claims in this protest are overruled. Let judgment be entered accordingly.